UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Shannon Johnson, #350430, *a/k/a Christopher S. Johnson,* | ) ) ) | C/A No. 6:13-1652-JMC-KDW |
| Plaintiff, | ) ) ) | Report and Recommendation |
| vs. | ) ) | |
| County of Greenville, South Carolina; Craig Hawkins; Joseph Parrish; Claude "C.J." Todd; Laura Campbell; Johnny Brown; James Cannon; Joyce K. Monts; Jason Bash; individually and in their official capacities, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, Christopher Shannon Berry, ("Plaintiff"), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a prisoner at Leiber Correctional Institution in Ridgeville, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915.[2] The Complaint names, among others, Joyce K. Monts, the solicitor in Plaintiff's criminal case, as a defendant. The undersigned recommends Defendant Monts be dismissed as a party to this case as she is not amenable to suit. The undersigned also recommends several of Plaintiff's numerous causes of action be summarily dismissed, as discussed below.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

§ 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). Section § 1915 of Title 28 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made when the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The court is required to liberally construe pro se documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, Defendant Joyce K. Monts and certain causes of action are subject to dismissal at this time. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background and Discussion

Plaintiff brings this suit against the County of Greenville, South Carolina; several deputies of the Greenville County Sheriff's Office, Craig Hawkins, Joseph Parrish, Claude "J.J." Todd, Laura Campbell, Johnny Brown, and James Cannon; Jason Bash of the Greer, South Carolina Police Department; and Joyce K. Monts, Assistant Solicitor for Greenville County. Compl. 3-5, ECF No. 1. Defendants other than the County of Greenville and Defendant Monts are sometimes referred to collectively herein as the "Defendant Officers." Plaintiff complains that on October 7, 2010, the Defendant Officers arrested him without cause as he stepped outside his hotel room in Greenville, then forced him into the room that they searched without a warrant. *Id.* at 7-9. Plaintiff alleges the Defendant Officers were lying in wait for his companion, who was a fugitive wanted on non-violent charges. *Id.* at 6.

Plaintiff alleges that, while conducting a warrantless search of the hotel room, Defendant Officers found small quantities of heroin and methamphetamine inside a closed prescription bottle, as well as further paraphernalia inside a zipped bag. *Id.* at 9. Plaintiff was officially arrested and given *Miranda* warnings before a warrant was obtained; Plaintiff complains that he then attempted to invoke his *Miranda* rights, but that Defendants continued to question him. *Id.* at 9-10. Plaintiff alleges that, in his presence, the Defendant Officers laid out the contraband in such a way that it was in plain view, then discussed how best to present the evidence to a judge in order to obtain a search warrant. *Id.* at 10-11.

3

Plaintiff complains that the Defendant Officers obtained warrants based on the falsified evidence. Compl. 11, ECF No. 1. Plaintiff and his companion were then transported to Greenville County Detention Center and arraigned on charges of trafficking heroin and possession of methamphetamine with intent to distribute. *Id.* at 11-12.

Plaintiff alleges that subsequent to these events, Defendant Monts, with the assistance of the other Defendants, initiated "an unlawful prosecution they knew to be predicated on deceit, fraud, coercion, racism, contrived and manipulated evidence, and perjury." *Id.* at 12. Plaintiff further alleges illegally obtained evidence was used to convict him; his Sixth Amendment and Due Process rights were violated at trial; and his prosecution constituted an attempt to place him in a state of slavery. *Id.* at 14. Plaintiff further complains that the use of firearms during his arrest constituted excessive force. *Id.* at 15. Plaintiff seeks injunctive and monetary relief for his causes of action, which the court construes to include false arrest, excessive force, and malicious prosecution. *Id.* at 17-18.

To state a claim for false arrest under § 1983, a plaintiff must allege that the arrest was made without a facially valid arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (holding a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant). In contrast, a claim that one is wrongly detained because his arrest was made pursuant to a warrant that was not supported by probable cause, is one for malicious prosecution. *See Porterfield*, 156 F.3d at 568 (noting arrest pursuant to facially valid warrant could support "at most" a cause of action for malicious prosecution). In other words, a false imprisonment cause of action is one for detention in the absence of process; a malicious prosecution cause of action is brought when detention is based

4

on the "*wrongful* institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (emphasis in original).

This distinction is important in considering Plaintiff's Complaint because it impacts when the statute of limitations begins running. When a plaintiff alleges false arrest, the statute of limitations begins to run at the time the plaintiff becomes detained pursuant to legal process. 549 U.S. at 389-90.

The undersigned considers Plaintiff's Complaint as raising a claim for false arrest as to the time period between his arrest and the time a warrant was obtained. This false arrest claim, and the excessive force allegation that is also considered under the Fourth Amendment in the arrest context,[3] constitutes a portion of the case for which service has been authorized under an accompanying order.

On the other hand, Plaintiff's complaints about matters relating to the prosecution of his criminal action subsequent to Defendants' obtaining a warrant are subject to summary dismissal because no right of action has accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a complaint for damages under § 1983 must be dismissed if a judgment in the plaintiff's favor would necessarily imply the invalidity of his underlying conviction or sentence. *Id*. The malicious prosecution cause of action is subject to summary dismissal because a right of action has not accrued. As the Supreme Court said in *Heck:*

> We hold that, in order to recover damages for allegedly unconstitutional conviction
> or imprisonment, or for other harm whose unlawfulness would render a conviction

---

[3] *See Anderson v. Russell*, 247 F.3d 125 (4th Cir. 2001) ("Claims that law enforcement officers used excessive force when making an arrest 'should be analyzed under the Fourth Amendment and its 'reasonableness' standard'. . . The standard of review is an objective one . . . The question is whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force.") (internal citations omitted).

5

> or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

Plaintiff has made no allegation that his conviction or sentence has been invalidated; thus, under *Heck* he cannot collect damages for any perceived constitutional deprivation pertaining to his conviction and sentence. Therefore, claims of malicious prosecution, illegal search and seizure of evidence, and any Sixth Amendment or other deprivations pertaining to Plaintiff's criminal conviction are barred by *Heck* and are subject to summary dismissal at this time.

Additionally, Defendant Monts, an assistant solicitor, enjoys prosecutorial immunity, and should be summarily dismissed as a party at this stage in the proceedings. *See Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (noting immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (noting absolute immunity "is an immunity from suit rather than a mere defense to liability").

In South Carolina, regional prosecutors are called solicitors and assistant solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991).

It is well settled in this circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377 (4th Cir. 1996), and whether to go forward with a prosecution, *see Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Such decisions are purely prosecutorial functions and they are absolutely immune from Plaintiff's claims. Plaintiff is not entitled to recover any damages from Defendant Monts based on her performance of these functions.

Plaintiff makes one claim that appears to be otherwise unrelated to the remainder of the Complaint. He avers:

> Because Plaintiff was the victim of at least one, and . . . possibly two, intimately-related "assault-style attacks, commencing at approximately 11:30 PM on March 17, 2011 and shortly after midnight on March 18, 2011 . . . which resulted in him receiving a "moderate" concussion, as well as 12 'staple' sutures in his head, Plaintiff . . . asks the court to order the arrest of Defendants Hawkins, Parrish, Campbell, Todd, Bash, Brown, Cannon and Monts, as well as the imposition of files in the amount of $10,000 each. . . .

Compl. 17, ECF No. 1. It appears that Plaintiff is naming all Defendants other than the County of Greenville as culpable in the alleged attack because he holds them responsible for his present incarceration. In any event, Plaintiff cites no facts to show that any of the Defendants were involved in the alleged attack. As such, he has failed to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

Recommendation

Accordingly, it is recommended that the district court dismiss Defendant Joyce K. Monts as a party to this case. Further, it is recommended that all causes of action precluded by *Heck* be dismissed *without prejudice* and without issuance and service of process. It is also recommended that the district court dismiss *without prejudice* the cause of action referring to assault on March 17,

2011 and March 18, 2011, because Plaintiff has failed to state a claim based on those facts.

    IT IS SO RECOMMENDED.

August 15, 2013                                                                           Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).