IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Christopher Shannon Johnson, ) | |
| ) | Civil Action No. 6:13-cv-01652-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| County of Greenville, South Carolina; ) | |
| Craig Hawkins; Joseph Parrish; Claude ) | |
| "C.J." Todd; Laura Campbell; Johnny ) | |
| Brown; James Cannon; Joyce K. Monts; ) | |
| Jason Bash; ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Christopher Shannon Johnson ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges false arrest, excessive force, assault, and malicious prosecution by Defendants County of Greenville, South Carolina; Craig Hawkins; Joseph Parrish; Claude "C.J." Todd; Laura Campbell; Johnny Brown; James Cannon; Joyce K. Monts; and Jason Bash; (collectively "Defendants"). (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial handling. On August 15, 2013, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court dismiss the complaint as to Defendant Monts and dismiss Plaintiff's causes of action precluded by *Heck v. Humphrey*[1] and Plaintiff's assault claim. (ECF No. 14.) This review considers Plaintiff's Opposition to Magistrate's Report and Recommendation ("Objections"), filed September 9, 2013. (ECF No. 22.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **DISMISSES** Plaintiff's claims as to Defendant

---

[1] 512 U.S. 477 (1994).

1

Monts and **DISMISSES** without prejudice Plaintiff's causes of action precluded by *Heck* and Plaintiff's assault claim.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts are discussed in the Report. (*See* ECF No. 14.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff is incarcerated at Lieber Correctional Institution within the South Carolina Department of Corrections. (ECF No. 14 at 1.) Plaintiff alleges that on October 7, 2010, he was falsely arrested and his hotel room in Greenville, South Carolina, was illegally searched, initially without a warrant. (ECF No. 1 at 5-10.) Plaintiff further alleges malicious prosecution that Defendants "knew to be predicated on deceit, fraud, coercion, racism, contrived and manipulated evidence, and perjury" in violation of Plaintiff's Sixth Amendment rights. (*Id.* at 12.) Plaintiff also alleges assault by Defendants on March 17, 2011, and March 18, 2011, resulting in a "moderate concussion" and 12 staple sutures in Plaintiff's head. (*Id.* at 17.) He filed the complaint on June 18, 2013. (ECF No. 1.)

On August 15, 2013, the Magistrate Judge issued the Report. (ECF No. 14.) In the Report, the Magistrate Judge recommended the court dismiss all claims relating to Plaintiff's prosecution subsequent to Defendants obtaining a warrant, as no right of action has accrued. (*Id.* at 5.) Under *Heck v. Humphrey,* "a complaint for damages under § 1983 must be dismissed if a judgment in the plaintiff's favor would necessarily imply the invalidity of his underlying conviction or sentence." (*Id.*, citing 512 U.S. 477 (1994).) As Plaintiff has alleged no facts showing his conviction or sentence has been invalidated, the Magistrate Judge reasoned, any

claims for malicious prosecution, illegal search and seizure, and any Sixth Amendment violations are barred by *Heck.* (*Id.* at 6.) The Magistrate Judge also recommended dismissing Plaintiff's assault claim, as Plaintiff failed to show any facts that Defendants were involved in the alleged attack. (*Id.* at 7.) Finally, the Magistrate Judge recommended the court dismiss claims as to Defendant Monts, an assistant solicitor, under prosecutorial immunity. (*Id.* at 6-7.)

Plaintiff timely filed his Objections on September 3, 2013. (ECF No. 22.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright*

*v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Plaintiff has filed a Petition for Writ of Habeas Corpus "related to the same set of facts and circumstances set forth in his Section 1983 action." (ECF No. 22 at 2; *see Johnson v. McFadden,* Civil Action No. 5:13-cv-02038-JMC-KDW.) As such, Plaintiff argues, the court should first decide Plaintiff's habeas action before dismissing all or part of his § 1983 action. (*Id.*) Plaintiff cites to *Post v. Gilmore,* 111 F.3d 556 (7th Cir. 1997), to bolster his position. (*Id.*) In a text order on September 5, 2014, this court addressed Plaintiff's motion to "attach" this § 1983 action to his habeas action and "adjudicate in sequence," ruling first on the habeas petition. Civil Action No. 5:13-cv-02038-JMC-KDW, ECF No. 38. In the text order, this court noted that the decision in *Post*, a decision of the United States Court of Appeals for the Seventh Circuit, was not controlling on this court, which must follow Fourth Circuit precedent. *Id.* The text order noted that Fourth Circuit cases have interpreted *Heck* as the Magistrate Judge did in the Report. *Id.* Thus, as Plaintiff's claims regarding his prosecution, the search and seizure, and any alleged Sixth Amendment violations "necessarily imply the invalidity of his underlying conviction," these claims must be dismissed unless and until his habeas petition is successful. If Plaintiff is ultimately successful on his habeas claim, he will then have a cognizable claim for

malicious prosecution and related actions under § 1983. Until that time, however, those claims must be dismissed for failure to state a claim on which relief can be granted.

Plaintiff further objects to the Magistrate Judge's recommendation that his assault claim should also be dismissed. In his complaint, Plaintiff does not mention the alleged assaults in his facts or legal claims sections. Instead, Plaintiff first mentions the alleged assaults in his prayer for relief section. (ECF No. 1 at 17.) Plaintiff alleges an attack occurred at 11:30 p.m. on March 17, 2011, and a "second, suspected assault" shortly after midnight on March 18, 2011, and requests the court order the arrest of Defendants Hawkins, Parrish, Campbell, Todd, Bash, Brown, Cannon, and Monts. (*Id.*) Other than describing his injuries, Plaintiff offers no further facts about the alleged attacks. In his Objections, Plaintiff largely addresses his false arrest and excessive force claims, stemming from the incidents on October 7, 2010, mostly reiterating the allegations in his complaint. It is only toward the end of this section of his Objections that Plaintiff addresses the assault claim: "The fact that on or about March 17, 2012[,][2] Plaintiff received a 'bodily injury' subsequent to a 'willful' deprivation of rights, taken by people acting 'under color of *any* state law, statute, ordinance, regulation, or custom' states his claim under 18 U.S.C. Section 242." (ECF No. 22 at 5 (emphasis in original).) Plaintiff still fails, however, to allege any facts surrounding these alleged attacks other than to state his injuries. He states no facts showing that any of the Defendants caused his injuries and no facts regarding the manner in which he sustained these injuries. Although Plaintiff is a *pro se* litigant and the court is required to liberally construe his arguments, *Gordon*, 574 F.2d at 1151, this liberal construction "does not transform the court into an advocate. Only those questions which are squarely presented to a

---

[2] Plaintiff lists the date in this portion of his objection as March 17, 2012, but has previously—in both his complaint and earlier in his Objections—referred to attacks occurring in 2011.

court may properly be addressed." *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990).

In regard to the Magistrate Judge's recommendation that claims as to Defendant Monts be dismissed, "Plaintiff can find no overriding precedents, nor rules of law, that would allow for arguments refuting the Magistrate's finding, therefore he respectfully concurs." (ECF No. 22 at 6.) In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the recommendation of the Magistrate Judge on this issue.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 14). It is therefore ordered that this action is **DISMISSED** as to Defendant Monts and Plaintiff's claims precluded by *Heck* and Plaintiff's assault claim are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 21, 2014
Columbia, South Carolina

6